**WILLIAMSPORT PURVEYORS, INC., Petitioner,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.**

No. 90–3060.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) August 21, 1990.

Decided Aug. 28, 1990.

Richard A. Gahr, Gahr & Sholder, Williamsport, Pa., for petitioner.

Ellen R. Hornstein, U.S. Dept. of Agriculture, Office of General Counsel, Washington, D.C., for respondent.

Before STAPLETON, COWEN and WEIS, Circuit Judges.

OPINION OF THE COURT

COWEN, Circuit Judge.

Petitioner Williamsport Purveyors, Inc. ("Purveyors") appeals from an Order of the Secretary of the United States Department of Agriculture (the "Secretary") denying Purveyors a license under the Perishable Agricultural Commodities Act, 7 U.S. C.A. § 499a (1980), et seq., as amended ("PACA"). The Secretary denied Purvey-

---

ors' application for a license on the grounds that Harvey Boatman, who was acting as the sole officer, director, and shareholder of Purveyors in his capacity as the executor of the estate of Purveyors' recently deceased sole officer, director, and shareholder, was unfit. On February 14, 1990, Purveyors petitioned this Court to review the decision of the Secretary. We have jurisdiction pursuant to 28 U.S.C. § 2342(2). Because we find that the Secretary did not abuse his discretion in denying Purveyors' application, we will deny the Petition for Review.

## I.

Harvey Boatman has a history of PACA violations. Boatman was president, treasurer, director, and 100% shareholder of Rinella's, Inc. ("Rinella's"). Rinella's held a PACA license from 1977 to 1985. In 1985, an administrative law judge revoked Rinella's PACA license, effective May 17, 1985, because he found that Rinella's had repeatedly violated PACA's provisions. Boatman was subsequently informed that because he was "responsibly connected" to Rinella's, he would be ineligible for employment by a PACA licensee for one year dating from the time Rinella's PACA license was revoked. For the year following his complete suspension, Boatman would only be permitted to work for a PACA licensee if he posted satisfactory bond and the Secretary approved. The restrictions on Boatman's employment by a PACA licensee were scheduled to expire on May 17, 1987.

Just three days after its license was revoked, Rinella's began operating again in violation of 7 U.S.C. § 499c(a). Rinella's (and Boatman) continued operating illegally through January, 1986. On February 9, 1987, the United States District Court for the Middle District of Pennsylvania approved a consent decree imposing a $5000 civil penalty against Rinella's and enjoined Rinella's and Boatman from engaging in any PACA business without a valid PACA license. The order stated that until May 17, 1987, Boatman could only work for a

PACA licensee if he posted a four year surety bond satisfactory to the Secretary.

The day after the District Court issued its order, February 10, 1987, a PACA license was issued to Williamsport Produce and Seafood, Inc. ("Williamsport Produce").[1] The license application for Williamsport Produce stated that Effie Boatman, Harvey Boatman's mother, was its sole principal. In direct violation of the District Court's recent order, Williamsport Produce employed Boatman from March 13, 1987 through May 17, 1987 without posting the required bond and without obtaining the Secretary's consent. During this period, Boatman had exclusive control over the business of Williamsport Produce. On February 18, 1988, an administrative law judge rendered a decision and order finding that Boatman's employment at Williamsport Produce violated PACA. The order suspended the license of Williamsport Produce from April 8, 1988 through June 9, 1988. Effie Boatman died on April 8, 1988. From that date until May 23, 1988, Boatman operated Williamsport Produce in violation of the administrative law judge's order.

On July 13, 1988, a little more than one month after the last order restricting Boatman's PACA employment expired by its own terms, Purveyors submitted the PACA license application which gives rise to this appeal. The application lists Harvey Boatman as the executor of Effie Boatman's estate and states that Boatman is acting as director and officer of Purveyors on behalf of the estate. On August 11, 1988, the Director, Fruit and Vegetable Division, Agricultural Marketing Service, United States Department of Agriculture, filed a notice to show cause why Purveyors should not be denied a PACA license. Purveyors requested a hearing on the matter, which was held before an Administrative Law Judge. On April 28, 1989, the ALJ issued an order denying Purveyors' application. On June 5, 1989, Purveyors appealed to the Judicial Officer who has the authority pursuant to 7 C.F.R. § 2.35 to issue final decisions and orders on behalf of the Secretary.

---

1. Williamsport Produce is a tradename for Purveyors.

On December 21, 1989, the Judicial Officer adopted the ALJ's decision in all material respects. This appeal followed.

## II.

On appeal, Purveyors argues that Boatman never violated the consent order issued by the District Court for the Middle District of Pennsylvania with respect to Purveyors because that order expired by its own terms on May 17, 1987 and Purveyors was not formed until October 30, 1987, so no bond was required to be posted for the work Boatman performed at Purveyors. Likewise, Purveyors argues that Boatman did not violate the administrative order entered February 18, 1988, because he was not employed at Williamsport Produce in his personal capacity, but as executor of Effie Boatman's estate. This, Purveyors contends, is as far as the inquiry of the Department of Agriculture should have gone. We disagree.

## III.

PACA requires all commission merchants, dealers, and brokers to be licensed by the Department of Agriculture. 7 U.S.C. § 499c(a). The Secretary of Agriculture may refuse to issue a PACA license, if after a hearing, he determines that:

> the applicant is unfit in the business of a commission merchant, dealer, or broker because the applicant ... or in case the applicant is a corporation, any officer or holder of more than ten per centum of the stock, prior to the date of the filing of the application engaged in any practice of the character prohibited by this chapter....

7 U.S.C. § 499d(d). Accordingly, the only relevant question is whether Boatman's multiple prior violations of PACA properly affect Purveyors' PACA license application, even though Boatman claims to act as executor of Effie Boatman's estate and not in his capacity as an individual in connection with the operation of Purveyors. We are persuaded that they do.

## IV.

Under Pennsylvania law, an estate executor may only continue the business of an estate for the benefit of the estate with the leave of the court. 20 PA.CONS.STAT. ANN. § 3314 (Purdon 1975). Indeed, an estate executor breaches his trust if he continues to operate a trade or business on behalf of an estate in the absence of a testamentary direction, court order, or the consent of all interested persons. *In re Kurkowski's Estate*, 487 Pa. 295, 301–02, 409 A.2d 357, 361 (1979). Nevertheless, an executor may operate a decedent's business for a limited time for the purpose of selling the business as a going concern, winding up the business by converting the assets into cash, or performing existing contracts of the decedent. *Kurkowski's*, 487 Pa. at 302, 409 A.2d at 361.

Even if Boatman were acting within the confines of Pennsylvania law in continuing the business of Purveyors in the name of the decedent's estate (which is possible if Boatman is himself the beneficiary of his mother's estate and thus can validly assert that all "interested persons" consent to the continuation of decedent's business), the Secretary would nevertheless be justified in denying Purveyors' application. Since Boatman has *de facto* control of Purveyors, as Purveyors readily admits on its PACA application, we find that even as an executor, Boatman is an officer of Purveyors within the meaning of 7 U.S.C. § 499d(d)(a). Since Boatman is an officer of Purveyors within the meaning of 7 U.S.C. § 499d(d)(a), the Secretary is entitled to conclude that Purveyors is unfit for licensing because Boatman has violated PACA time and time again. *See* 7 U.S.C. § 499d(d).

Even if we accepted Purveyors' argument that Boatman's affiliation with Purveyors does not violate PACA because Williamsport Produce was formed after the May 17, 1987 bond and consent requirement of the Pennsylvania District Court expired (which we do not), Boatman's other violations of PACA more than justify the Secretary's decision. We also reject Purveyors' argument that Boatman did not violate the order suspending the PACA li-

cense of Williamsport Produce when Williamsport Produce continued to operate after its PACA license was suspended because Boatman operated Williamsport Produce as an executor, not as an individual, for the same reasons discussed above. Except with the Secretary's approval, PACA prohibits a PACA licensee from employing anyone "responsibly connected" with any person whose PACA license has been revoked. *See* 7 U.S.C. § 499h(b). Boatman was responsibly connected to Rinella's when its license was revoked. He may only work for a PACA licensee with the approval of the Secretary, approval which the Secretary is justified in refusing to give.

### V.

The Secretary did not abuse his discretion in denying Purveyors a PACA license. We will deny the Petition for Review.